**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HOLOGIC, INC., and<br>SUROS SURGICAL SYSTEMS, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ETHICON ENDO-SURGERY, LLC, and<br>ETHICON ENDO-SURGERY, INC. | ) ) ) | |
| Defendants. | | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Hologic, Inc. and Suros Surgical Systems, Inc., by their attorneys, hereby allege as follows:

**PARTIES**

1.      Plaintiff Hologic, Inc. ("Hologic") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 35 Crosby Street, Bedford, Massachusetts 01730.  Hologic is a leading developer, manufacturer and supplier of premium diagnostics, medical imaging systems, and surgical products dedicated to serving the healthcare needs of women throughout the world.

2.      Plaintiff Suros Surgical Systems, Inc. ("Suros") is a division of Hologic, with a principal place of business at 6100 Technology Center Drive, Indianapolis, Indiana 46278. Suros is the owner of United States Patent No. 7,347,829.

3.      Hologic acquired Suros in 2006, and Suros operates as a division of Hologic.

4.     Defendant Ethicon Endo-Surgery, LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business also at 475 Calle C, Guaynabo, Puerto Rico 00969.

5.     Defendant Ethicon Endo-Surgery, Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 4545 Creek Road, Cincinnati, Ohio 45242.

6.     Hereinafter, Defendant Ethicon Endo-Surgery, LLC. and Defendant Ethicon Endo-Surgery, Inc. will be referred to collectively as "Ethicon."

## NATURE OF THE ACTION

7.     This is an action for the infringement of United States Patent No. 7,347,829 ("the '829 patent").

## JURISDICTION AND VENUE

8.     This action arises under the patent laws of the United States (35 U.S.C. §§ 1 *et seq.*). This court has jurisdiction over the subject-matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

10.     Ethicon is subject to personal jurisdiction in Delaware because, on information and belief, Defendant Ethicon Endo-Surgery, LLC is a Delaware company.   In addition, Ethicon is doing substantial business in this district including business relating to the sale and distribution for sale of the infringing product as described below.

**THE PATENT**

11.     On March 15, 2004, the application that subsequently issued as the '829 patent application (titled "Introduction System for Minimally Invasive Surgical Instruments") was duly and legally assigned to Suros. The '829 patent issued from this application on March 25, 2008. Suros is the assignee of the '829 patent, and owns all right, title and interest in and to the '829 patent, including the right to sue and to recover for any current or past infringement of that patent. A true and correct copy of the '829 patent is attached hereto as Exhibit A.

**ACTS GIVING RISE TO THIS ACTION**

12.     Ethicon has infringed, and continues to infringe, the '829 patent by making, using, offering to sell and/or selling within the United States, and/or importing into the United States certain breast biopsy devices and excision systems sold under the Mammotome® name, including the Mammotome® MR, the use of which infringes one or more claims of the '829 patent, and /or induces and/or contributes to such conduct, in violation of 35 U.S.C. § 271(a), (b), and/or (c).

13.     Ethicon does not have a license or other authority to practice the subject matter claimed by the '829 patent.

**INFRINGEMENT OF THE '829 PATENT**

14.     Plaintiffs incorporate each of the preceding paragraphs 1-13 as if full set forth therein.

15.     Ethicon has been, and currently is, directly infringing, contributorily infringing, and inducing the infringement of the '829 Patent, in violation of 35 U.S.C. § 271, by making, using, selling, offering to sell, importing, and/or exporting, the Mammotome® MR

breast biopsy system and by instructing others how to use the Mammotome® MR breast biopsy system.

16.     Ethicon has and has had constructive notice of the '829 patent pursuant to 35 U.S.C. § 287(a).

17.     On information and belief, Ethicon's infringement of the '829 patent has been and continues to be willful and deliberate and without regard to Plaintiffs' rights in the '829 patent.

18.     Unless Ethicon is enjoined from infringing the '829 patent, inducing infringement of the '829 patent, and/or contributing to the infringement by others of the '829 patent, Hologic and Suros will suffer irreparable injury.  Hologic and Suros have no adequate remedy at law.

19.     As a result of Ethicon's infringement of the '829 patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

1.     That Ethicon has infringed the '829 patent by making, using, offering to sell, selling, marketing, or importing Ethicon's Mammotome® MR product and has actively induced infringement, and contributed to the infringement of the '829 patent;

2.     Permanently enjoining Ethicon, and its affiliates and subsidiaries, and each of their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, from making, using, offering to sell and/or selling within the United States, and/or importing into the United States, any medical device or other product that

infringes or induces or contributes to the infringement of the '829 patent prior to the expiration of that patent, including any extensions;

3.     Awarding Plaintiffs damages adequate to compensate for Ethicon's infringement of the '829 patent, together with interest and costs as fixed by the Court;

4.     Declaring this case an exceptional case pursuant to 35 U.S.C. § 285;

5.     Awarding Plaintiffs their costs and attorneys' fees; and

6.     Granting such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs request a trial by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Counsel for Plaintiffs Hologic, Inc. and
Suros Surgical Systems, Inc.*

*Of Counsel*:

Matthew M. Wolf
John E. Nilsson
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2407
(202) 783-0800

April 30, 2009